# ARMED SERVICES BOARD OF CONTRACT APPEALS

Appeal of -- )
)
U.S. Coating Specialties & Supplies, LLC ) ASBCA No. 58245
)
Under Contract No. W912EE-10-C-0019 )

APPEARANCES FOR THE APPELLANT: Louis H. Watson, Jr., Esq.
Watson & Norris, PLLC
Jackson, MS

Mr. Earl Washington
Chief Operation Officer & CEO

APPEARANCES FOR THE GOVERNMENT: Thomas H. Gourlay, Jr., Esq.
Engineer Chief Trial Attorney
John M. Breland, Esq.
Walker D. Moller, Esq.
Adam Caudle, Esq.
Engineer Trial Attorneys
U.S. Army Engineer District, Vicksburg

## OPINION BY ADMINISTRATIVE JUDGE WOODROW ON THE GOVERNMENT'S RENEWED MOTION FOR SUMMARY JUDGMENT

## INTRODUCTION

This appeal arises from the government's termination of the captioned contract for default. On 9 April 2015, the Board issued a decision denying the government's amended motion to dismiss or, in the alternative, for summary judgment. *U.S. Coating Specialties & Supplies, LLC*, ASBCA No. 58245, 15-1 BCA ¶ 35,957 (*U.S. Coating I*). The government now files a renewed motion for summary judgment, contending that an alleged prior oral agreement between appellant and the Assistant U.S. Attorney (AUSA) during appellant's Chapter 11 bankruptcy proceedings is barred by the parol evidence rule, and alternatively, the AUSA lacked actual authority to enter into the alleged agreement. For the reasons set forth below, we deny the motion.

## STATEMENT OF FACTS (SOF) FOR PURPOSES OF THE MOTION

1. On 21 June 2010, the U.S. Army Corps of Engineers (Corps) awarded Contract No. W912EE-10-C-0019 (contract) to appellant, U.S. Coating Specialties & Supplies, LLC (U.S. Coating) in the amount of $11,383,000 for the construction of a

U.S. Army Engineer Research and Development Center Information Technology Laboratory office building and computer facility in Vicksburg, Mississippi (R4, tab 3 at 5-6[1]).

2. The contract included the standard Federal Acquisition Regulation (FAR) default clause, 52.249-10, DEFAULT (FIXED-PRICE CONSTRUCTION) (APR 1984), which provided, in pertinent part:

> (a) If the Contractor refuses or fails to prosecute the work or any separable part, with the diligence that will insure its completion within the time specified in this contract including any extension, or fails to complete the work within this time, the Government may, by written notice to the Contractor, terminate the right to proceed with the work (or the separable part of the work) that has been delayed....
>
> ....
>
> (c) If, after termination of the Contractor's right to proceed, it is determined that the Contractor was not in default, or that the delay was excusable, the rights and obligations of the parties will be the same as if the termination had been issued for the convenience of the Government.

(*Id.* at 133-34)

3. On 13 January 2012, during performance of the contract, U.S. Coating sought bankruptcy protection, filing a Chapter 11 voluntary petition in the United States Bankruptcy Court for the Southern District of Mississippi (Bankruptcy Court) (R4, tab 4).

4. On 24 February 2012, Travelers Casualty and Surety Company of America (Travelers), U.S. Coating's surety for the contract, filed a motion ("Dkt. #38") in the Bankruptcy Court, seeking relief from the automatic stay imposed by U.S. Coating's bankruptcy filing to enforce its rights under a General Agreement of Indemnity between Travelers and U.S. Coating (R4, tab 5). Travelers also filed another motion ("Dkt. #39") on the same date to compel rejection of the contract, or alternatively, to

---

[1] Citations to the Rule 4 file are to the consecutively-numbered pages unless otherwise indicated.

compel U.S. Coating to assume or reject the contract pursuant to 11 U.S.C. § 365 (supp. R4, tab 1).

5. On 13 March 2012, Mid State Construction Company, Inc. (Mid State), U.S. Coating's subcontractor, filed a response and limited objection to Travelers' motion for relief from the automatic stay ("Dkt. #52") (R4, tab 7). Mid State also filed a response and limited objection to Travelers' motion to compel on the same date ("Dkt. #53") (supp. R4, tab 3).

6. On 13 March 2012, the AUSA for the Southern District of Mississippi, David N. Usry (AUSA Usry), on behalf of the U.S. Attorney, filed responses to Travelers' 24 February motions for the United States and the agency. In its response and limited joinder in Travelers' motion for relief from the automatic stay ("Dkt. #51"), the United States moved to lift the automatic stay to pursue termination proceedings pursuant to FAR Part 49 and allow the Corps to complete the construction. (R4, tab 6 at 7) The United States pled that the CO "was proscribed from...determin[ing] whether [U.S. Coating] was defaulted or is likely to default on the Contract for failure to make progress" (R4, tab 6 at 7, ¶ 26). The United States also supported Travelers' motion to compel rejection of the contract, or alternatively, to compel U.S. Coating to assume or reject the contract (supp. R4, tab 2).

7. The Bankruptcy Court of Mississippi issued an order on 30 March 2012, directing U.S. Coating, the debtor, to file a motion to assume or reject the contract by 13 April 2012 and setting a trial on any such motion for 26 April 2012 (supp. R4, tab 4).

8. After obtaining leave from the Bankruptcy Court to file its motion, U.S. Coating moved to assume the contract on 17 April 2012 (R4, tab 9). The United States filed a response to the motion on 20 April 2012, demanding proof of U.S. Coating's ability to assume the contract at the 26 April 2012 trial. The response was filed by AUSA Usry. (R4, tab 12)

9. Prior to the scheduled 26 April 2012 hearing, U.S. Coating, Travelers, the United States, and Mid State advised the Bankruptcy Court that they reached a settlement on pending issues set for trial and submitted a proposed order for the Bankruptcy Court's approval (R4, tab 20 at 45[2]).

10. Based on the parties' communicated settlement and proposed order, the Bankruptcy Court judge issued an order on 25 April 2012, stating in pertinent part:

---

[2] Citation is to the original pagination.

There came on for the Court's consideration for the following pleadings:

A.      Motion for Relief from the Automatic Stay **[Dkt. #38]** ("Automatic Stay Motion") filed by Travelers Casualty and Surety Company of America ("Travers" [sic]);

B.      Mid State Construction Company, Inc.'s Response and Limited Objection to Travelers Casualty and Surety Company of America's Motion for Relief From the Automatic Stay **[Dkt. #52]** filed by Mid State Construction Company, Inc. ("Mid State");

C.      United States of America's Response and Limited Joinder in Travelers Casualty and Surety Company of America's Motion for Relief from the Automatic Stay **[Dkt. #51]** filed by the United States of America on behalf of the Corps of Engineers ("Corps");

D.      Debtor's Response to Travelers' Motion for Relief From the Automatic Stay **[Dkt. #59]** filed by U.S. Coating Specialities [sic] & Supplies, LLC ("Debtor");

E.      Motion to Assume Executory ("Bonded") Contract Held by U.S. Army Corps of Engineers **[Dkt. #87]** ("Motion to Assume") filed by the Debtor;

F.      Travelers Casualty and Surety Company of American's [sic] Objection to Motion to Assume **[Dkt. #83]**;

G.      Mid State Construction Company, Inc.'s Objection to Motion to Assume Executory Contract **[Dkt. #84]**; and

H.      United States of America's Response to Debtor's Motion to Assume Executory ("Bonded") Contract **[Dkt. #99]**.

The Court, being fully advised in the premises and having considered the settlement of the foregoing pleadings as reflected below, finds that cause exists

pursuant to 11 U.S.C. § 362(d)(1) to grant Travelers and the Corps relief from the automatic stay and finds that the Motion to Assume should be denied and that the contract ("Contract") between the Debtor and the Corps...should be deemed rejected.

IT IS, THEREFORE, ORDERED that the Contract is hereby rejected as a matter of law.

IT IS FURTHER ORDERED that the automatic stay is hereby terminated in favor of the Corps and Travelers with respect to the Contract and General Agreement of Indemnity ("GAI").

IT IS FURTHER ORDERED that this Order does not adjudicate or waive any respective rights and/or defenses of Travelers, the Corps, or Mid State with respect to the Contract, the Bonded Project, the GAI, or the performance and payment bonds issued by Travelers on the project.

IT IS FURTHER ORDERED that, because the Automatic Stay Motion was sufficient to afford reasonable notice of the material provisions of the agreement between the parties and opportunity for hearing, the provisions of Fed. R. Bankr. P. 4001(d)(1)-(3) do not apply and the agreement is approved without further notice.

**ORDERED** that the Stay of execution of Fed. R. Bankr. P. 4001(a)(3) is hereby waived. SO ORDERED.

(R4, tab 13) The order was "AGREED TO and APPROVED AS TO FORM" by AUSA Usry, U.S. Coating's bankruptcy counsel, and representatives for Travelers, and Mid State (*id.* at 3).

11. Following the issuance of the Bankruptcy Court's 25 April 2012 order, the contracting officer (CO), Jeri H. McGuffie (CO McGuffie), terminated the contract for default on the same date, asserting that U.S. Coating's consent to rejection of the contract constituted an anticipatory repudiation of the contract (R4, tab 2).

12. On 30 April 2012, U.S. Coating formally filed a motion in the Bankruptcy Court to vacate the 25 April 2012 order. In its motion, U.S. Coating asserted that its consent to the settlement was based on representations made by AUSA Usry that the

Corps would terminate the contract for "reasons other than default" (R4, tab 15). The United States, Travelers, and Mid State filed responses to U.S. Coating's motion to vacate the 25 April 2012 order (R4, tabs 16-18).

13. The Bankruptcy Court held a hearing on U.S. Coating's motion to vacate on 17 May 2012. Ruling from the bench, the Bankruptcy Court denied U.S. Coating's motion, holding that U.S. Coating's contentions were insufficient to set aside the 25 April 2012 order. The Bankruptcy Court did not address the propriety of the Corps' termination of the contract for default. (R4, tab 20) The Bankruptcy Court subsequently issued a written Final Judgment based on the reasons articulated at the hearing (R4, tab 19).

14. On 20 July 2012, U.S. Coating timely appealed from the CO's 25 April 2012 final decision, terminating the contract for default.

15. The Corps filed a motion to dismiss or, in the alternative, for summary judgment in this appeal, which was later amended, that was the subject of our 9 April 2015 decision in *U.S. Coating I*, 15-1 BCA ¶ 35,597 at 175,705. In our decision, the Board struck U.S. Coating's affirmative claims in its amended complaint and denied the remainder of the Corps' motion. *Id.* at 175,707-08.

16. On 21 January 2016, the Corps filed a renewed motion for summary judgment in this appeal. In support of its renewed motion, the Corps submitted the affidavits of CO McGuffie and AUSA Usry. CO McGuffie's affidavit stated in pertinent part:

> 2. I was the Government Procuring Contracting Officer who awarded and administered the contract (number W912EE-10-C-0019) that is the subject of this appeal.
>
> 3. My authority as the duly authorized Contracting Officer under the subject Contract was never delegated to or usurped by the Assistant United States Attorney who represented the Corps in the bankruptcy proceeding that involved U.S. Coating and implicated contract number W912EE-10-C-0019.
>
> 4. Because of the Contractor's actions endangering performance on the contract, I had clear justification for termination for default. Due to the significant financial and contractual ramifications a termination for convenience would have presented to the Corps and our customer, I never would have agreed to terminate the

6

contract for convenience. The Assistant United State[s] Attorney had no authority granted to him on the subject contract. Had the Assistant United State[s] Attorney advised or recommended a termination for convenience, which he did not, I would not have entertained such a recommendation.

(Gov't reply, ex. L) AUSA Usry's affidavit stated in pertinent part:

2. I represented the United States Army Corps of Engineers ("the Corps") in the Chapter 11 bankruptcy proceedings that involved the Corps' contract, number W912EE-10-B-0011,[3] with U.S. Coating Specialties & Supplies, LLC ("U.S. Coating"), the debtor....

3. I had conversations with U.S. Coatings' counsel in the bankruptcy proceedings, Herb Irvin, and representatives of the debtor on multiple occasions during the course of the bankruptcy proceedings.

4. During my discussions and negotiations in the bankruptcy proceedings with debtor's counsel and debtor's representatives, I never promised anyone that the Corps would terminate the contract for convenience if U.S. Coating rejected the contract in bankruptcy.

5. During my discussions and negotiations in the bankruptcy proceedings with debtor's counsel and debtor's representatives, I never did state or otherwise imply that I had any authority whatsoever to bind the Corps to terminate the contract for convenience.

(Gov't reply, ex. M)

17. In its opposition to the Corps' renewed motion for summary judgment, U.S. Coating relies on three affidavits of its employees – President and CEO, Mr. Earl J. Washington; Ms. Velma Day; and Mr. Alden Brooks – originally submitted

---

[3] The referenced contract number appears to be a typographical error. The correct reference is Contract No. W912EE-10-C-0019. The referenced number, W912EE-10-B-0011, pertains to Invitation for Bid No. W912EE-10-B-0011 (*see* gov't reply, ex. K).

in the earlier *U.S. Coating I* proceedings. Mr. Washington's affidavit stated in pertinent part:

> 3. I never consented to a termination by default. I agreed to lift the automatic stay on the condition that U.S. Coating would be terminated only by convenience. I held this discussion with Travelers' legal counsel, the Respondent's legal counsel, and U.S. Coating's legal counsel, Herb Irvin, on April 24, 2012.

(Gov't reply, ex. I) Ms. Day's affidavit stated that telephone discussions between U.S. Coating's counsel, Herb Irvin, and AUSA Usry took place on 24 April 2012, and there were discussions about the automatic stay being lifted to allow discussions about a termination for convenience (*id.*, ex. G). Mr. Brooks' affidavit stated that he received a telephone call on 24 April 2012 to attend a meeting to discuss a resolution that would allow for a termination of the contract for convenience. Mr. Brooks stated that U.S. Coating's counsel and AUSA Usry exchanged messages and it was his understanding that all parties agreed to terminate the contract for convenience. (*Id.*, ex. H)

## DECISION

### Summary Judgment Standards

The guidelines for summary judgment are well established; the granting of summary judgment is appropriate where there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *DIRECTV Grp., Inc. v. United States*, 670 F.3d 1370, 1374 (Fed. Cir. 2012). The movant has the burden to establish that there are no material facts in dispute. A material fact is one which may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). At the summary judgment stage, we do not resolve controversies, weigh evidence, or make determinations of credibility. *Id.* at 253. All reasonable inferences are drawn in favor of the non-movant. *Id.* at 255. A movant is entitled to judgment as a matter of law if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to [the non-movant's] case, and on which [the non-movant] will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322.

### Discussion

In *U.S. Coating I*, we concluded that summary judgment for the Corps was premature, stating that appellant should be given an opportunity to demonstrate that "its consent to the rejection of the contract was based upon an agreement with the government to terminate the contract, not for default, but for convenience." *U.S.*

*Coating I*, 15-1 BCA ¶ 35,957 at 175,708. In its renewed motion for summary judgment, the Corps advances two new theories to bar U.S. Coating's introduction of an alleged prior oral agreement to terminate the contract for convenience for the purposes of contesting the propriety of the default termination. First, it contends that U.S. Coating's allegation of a prior agreement is barred by the parol evidence rule. Second, it contends that, even if the allegation is assumed true, the AUSA, whose representations U.S. Coating relies upon, lacked the requisite actual authority to bind the government to such an agreement.

For the reasons set forth below, we reject both of the government's theories and deny the government's renewed motion for summary judgment.

Parol Evidence Rule

The Corps contends that there is no genuine issue of material fact that the Bankruptcy Court's 25 April 2012 order is a fully or partially integrated agreement, and therefore, the parol evidence rule prohibits U.S. Coating from introducing extrinsic evidence of an alleged prior oral agreement to contradict the terms of the parties' agreement. It asserts that the order was drafted, reviewed, and consented to by representatives of the parties involved prior to the Bankruptcy Court's issuance, and U.S. Coating does not contest that the order is an integrated agreement. (Gov't br. at 4; gov't reply at 16-17) The Corps also argues that the 25 April order expressly rejected the contract under bankruptcy law and that while the order does not contain terms pertaining to termination of the contract, the order stated that the Corps did not waive any rights with respect to the contract (gov't br. at 5; gov't reply at 15).

In opposition, U.S. Coating contends that there are material factual disputes surrounding the 25 April order and the Corps' arguments "lack any evidentiary foundation" (app. opp'n at 7 of 8). It argues that it consented to the order in exchange for a termination of the contract for convenience and detrimentally relied on the AUSA's representations, citing to the affidavits of its employees previously submitted in *U.S. Coating I* (*id.* at 1-2, 7 of 8). U.S. Coating also contends that summary judgment is still premature because, while it has conducted written discovery, it has not orally deposed any witnesses (*id.* at 7 of 8).

The parol evidence rule is a rule of substantive law that prohibits consideration of extrinsic evidence to alter the terms of a written agreement that "has been adopted by the parties as an expression of their final understanding." *Barron Bancshares, Inc. v. United States*, 366 F.3d 1360, 1375 (Fed. Cir. 2004) (citing *David Nassif Assocs. v. United States*, 557 F.2d 249, 256 (Ct. Cl. 1977)). Therefore, a writing that is final and complete is an integrated agreement, and the effect of integration is the inadmissibility of prior or contemporaneous agreements to modify or contradict the terms of the agreement. *See David Nassif Assocs.*, 557 F.2d at 256; RESTATEMENT (SECOND) OF

CONTRACTS §§ 213, 215 (Am. Law Inst. 1981). Where a fully or completely integrated agreement exists, the writing cannot be supplemented with evidence of consistent or inconsistent additional terms or prior agreements that cover the same subject matter. *Rumsfeld v. Freedom NY, Inc.*, 329 F.3d 1320, 1328 (Fed. Cir. 2003); RESTATEMENT (SECOND) OF CONTRACTS §§ 214, 216.

In this appeal, the parties largely dispute whether the Bankruptcy Court's 25 April 2012 order was intended to be a completely integrated agreement. A writing that is signed by both parties "and apparently complete on its face, may be decisive of the issue in the absence of credible contrary evidence." RESTATEMENT (SECOND) OF CONTRACTS § 210. An integration clause creates a strong presumption that the writing is purported to be a completely integrated agreement. *Freedom NY*, 329 F.3d at 1328. On its face, the 25 April order contains no integration clause, nor does it contain express language indicating finality and completeness (SOF ¶ 10). The Corps concedes that the order does not contain express terms addressing termination of the contract (gov't br. at 5; gov't reply at 15).

In the absence of unequivocal language indicating finality and completeness, we may examine the writing itself as well as the circumstances surrounding its execution, including the negotiations that produced it. *David Nassif Assocs.*, 557 F.2d at 256; *see also* RESTATEMENT (SECOND) OF CONTRACTS § 210 ("But a writing cannot of itself prove its own completeness, and wide latitude must be allowed for inquiry into circumstances bearing on the intention of the parties."). To ascertain whether the 25 April 2012 order is a complete or partially integrated agreement, we must examine the parties' negotiations prior to and contemporaneous with the issuance of the order. *See* RESTATEMENT § 209(2) ("Whether there is an integrated agreement is to be determined by the court as a question preliminary...to application of the parol evidence rule.").

The current record is incomplete to reach these determinations. As we concluded in our previous opinion, there are genuine issues of material fact regarding whether there was a separate oral agreement with the government to terminate the contract for convenience. *U.S. Coating I*, 15-1 BCA ¶ 35,957 at 175,708. Such an agreement, if it existed, would contradict directly the government's contention that the bankruptcy order is an integrated agreement. It also would call into question whether the contracting officer properly exercised her discretion in terminating the contract for default. *Id.* Therefore, appellant should be given an opportunity to demonstrate that "its consent to the rejection of the contract was based upon an agreement with the government to terminate the contract, not for default, but for convenience." *Id.*

Finally, the Corps' emphasis on the parol evidence rule glosses over the implausibility of its position. It is hard to imagine why U.S. Coating would agree to settle the bankruptcy litigation in exchange for a termination for default. Indeed, U.S.

10

Coating's president, Mr. Earl Washington, stated in his affidavit that his agreement to the bankruptcy order was based on his understanding that such an order was necessary to proceed with negotiations with the Corps to allow the addition of a subcontractor to assist U.S. Coating in completing the contract. *U.S. Coating I*, 15-1 BCA ¶ 35,957 at 175,705 (citing R4, tab 20 at 23-30). Indeed, the Corps gives us no reason to doubt Mr. Washington's testimony that "I have not consented to any termination, and I will not consent to any termination" (R4, tab 20 at 33).

Actual Authority

Alternatively, the Corps argues that even if U.S. Coating's allegation of a prior oral agreement with the AUSA to terminate the contract for convenience were true, there is no genuine issue of material fact that the AUSA lacked actual authority to bind the government, and therefore, the agreement is unenforceable (gov't br. at 6-7). It contends that the requisite authority to make changes and determinations affecting the contract resides with the CO, and authority to terminate the contract for reasons other than default was not delegated to the AUSA, citing to *J.H. Strain & Sons, Inc.*, ASBCA No. 34432, 88-3 BCA ¶ 20,909 for support (*id.* at 6-7; gov't reply at 9-10 n.4). The Corps asserts that the AUSA never communicated or implied that he had authority to promise a termination of the contract for convenience and U.S. Coating has failed to present sufficient facts proving the AUSA either made the alleged agreement or had actual authority (gov't reply at 9-13). It also argues that prior to the 25 April 2012 order, U.S. Coating was well aware that the CO was unwilling to terminate the contract for convenience or entertain U.S. Coating's attempts to propose a substitution of contractors. It maintains that the AUSA possesses no express authority under the regulations to terminate a contract for convenience, and that his authority during the bankruptcy proceedings was limited to settling claims arising under U.S. Coating's bankruptcy filing. (Gov't br. at 6-7; gov't reply at 9)

Like its arguments regarding the parole evidence rule, U.S. Coating primarily argues that the Corps' actual authority theory lacks evidentiary foundation. It contends that it detrimentally relied on the AUSA's representations, and the record reflects that the "sole purpose" of its consent of the 25 April 2012 order was in exchange for a termination of the contract for convenience. U.S. Coating also alleges that while it has conducted written discovery it should be entitled to further discovery because it has not deposed any witnesses. (App. opp'n at 7 of 8)

The Corps' argument regarding the authority possessed by AUSA Usry misses the point, because it fails to acknowledge the statutory delegation of settlement authority to the U.S. Department of Justice pursuant to 28 U.S.C. § 516. As a result of the bankruptcy filing, litigation at the Bankruptcy Court was within the control and purview of the Department of Justice, whose officers, under the supervision of the Attorney General, are tasked to conduct and supervise all litigation on behalf of the

United States and its agencies. *See* 28 U.S.C. §§ 516-520; *Hughes Aircraft Co. v. United States*, 534 F.2d 889, 901 (Ct. Cl. 1976) ("[U]nless otherwise provided by law, the Attorney General is charged by statute with exclusive and plenary power to supervise and conduct all litigation to which the U.S. is a party.").

U.S. Coating's bankruptcy filing imposed an automatic stay pursuant to 11 U.S.C. § 362(a), prohibiting the CO from commencing administrative actions or proceedings against U.S. Coating. *Martel Truck & Tractor Serv., Inc.*, ENG BCA No. 6191, 96-2 BCA ¶ 28,368 at 141,649. Therefore, the Corps could not terminate the contract for default absent permission from the Bankruptcy Court. *Id.* at 141,650. The government acknowledged this constraint in its filings before the Bankruptcy Court, when it stated that the bankruptcy stay prevented it from "determin[ing] whether [U.S. Coating] was defaulted or is likely to default on the Contract for failure to make progress so as to endanger performance" (SOF ¶ 6). While the Corps suggests that the CO could have pursued a termination of the contract for the government's convenience without violating the stay, it does not cite to any case law to support this assertion.

The Corps cites to a Board decision, *J.H. Strain & Sons*, 88-3 BCA ¶ 20,909, to support its contention that the alleged agreement was not binding because CO McGuffie, as the person authorized to make decisions related to the contract, did not delegate her authority to the AUSA. The Corps reliance on this decision is misplaced. In *J.H. Strain*, the Board concluded that a settlement agreement, negotiated by an engineer trial attorney but not approved by the CO, was unenforceable against the government. The engineer trial attorney, as a limited agent of the CO under the applicable procurement regulations, lacked authority to settle without delegation from the CO. *Id.* at 105,702. In this appeal, the AUSA, as the authorized representative of the Attorney General, possesses the exclusive authority to settle matters in litigation before the United States bankruptcy courts. Because the AUSA's authority is exclusive, the question of whether the CO has delegated her authority is irrelevant.

The Corps also contends that the applicable regulations contained within 28 C.F.R. Part 0, Subpart Y, do not delegate authority to an AUSA to terminate a contract for convenience. Again, this argument misses the point that the AUSA, as the authorized representative of the Attorney General, possesses the exclusive authority to settle litigation before the United States bankruptcy courts. Subject to limitations, the regulations, in effect at the time of the Bankruptcy Court's 25 April 2012 order, redelegated authority to U.S. Attorneys to initiate suits, accept or reject compromises, and take any other action necessary to protect the interests of the United States. This specific suit and compromise authority may be further redelegated in writing to AUSAs. *See* 28 C.F.R. §§ 0.160, 0.168; 28 C.F.R. Pt. 0, Subpt. Y, App., sections 1 and 4 of Directive No. 1-10. There is no dispute that AUSA Usry, acting on behalf of

the U.S. Attorney, negotiated and settled matters arising from the Bankruptcy Court's 25 April 2012 order which, according to the Corps, is the parties' settlement agreement. "A settlement agreement...arises when a claimant relinquishes its right to litigate its claim." *Massie v. United States*, 166 F.3d 1184, 1188 (Fed. Cir. 1999).

U.S. Coating relies on the existence of an alleged prior agreement to terminate the contract for convenience to challenge the propriety of the default termination, and matters arising under the 25 April 2012 order served as the underlying basis for the termination. Although U.S. Coating has not adequately informed the Board reasons why additional discovery consisting of oral depositions of witnesses was necessary to its opposition (*see* FED. R. CIV. P. 56(d)), we conclude that the Corps is not entitled to judgment as a matter of law on the factual record and further development is needed. *See N.L.R.B. v. Smith Indus., Inc.*, 403 F.2d 889, 893 (5th Cir. 1983) (court should deny summary judgment if facts and circumstances have not been sufficiently developed to make a correct determination of the question of law). In particular, U.S. Coating should have an opportunity to fully develop the facts surrounding the parties' negotiations at the Bankruptcy Court. *See Monarch Assurance P.L.C. v. United States*, 244 F.3d 1356, 1365 (Fed. Cir. 2001) (while commenting that likelihood of proving actual authority was remote, the Court granted additional discovery because, on balance, possible harm and appearance of unfairness outweighed inconvenience to the government).

## CONCLUSION

The government's renewed motion for summary judgment is denied.

Dated: 6 April 2017

KENNETH D. WOODROW
Administrative Judge
Armed Services Board
of Contract Appeals

(Signatures continued)

13

I concur

MARK N. STEMPLER
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals


I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 58245, Appeal of U.S. Coating Specialties & Supplies, LLC, rendered in conformance with the Board's Charter.

Dated:


JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals

14